**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KELLY MCSEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-1086-RLW |
| | ) |
| JESSICA LEMONS and UNKNOWN BAINBRIDGE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of Plaintiff Kelly McSean, f/k/a Larry Bemboom, for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided in support, and has determined to grant the motion and assess an initial partial filing fee of $7.95. In additional, the Court will partially dismiss the Complaint and direct the Clerk to effect service of process as to the non-frivolous portions, and will deny without prejudice Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id*.

In support of the instant motion, Plaintiff filed an inmate account statement that shows an average monthly deposit of $39.73, and an average monthly balance of $29.39. Therefore, the Court assesses an initial partial filing fee of $7.95, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). *See also Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts

alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and are not required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pretrial detainee at the St. Francois County Detention Center (also "Detention Center"). Because Plaintiff identifies herself as a transgender female, the Court will refer to her using feminine pronouns. Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 against Officers Jessica Lemons and Unknown Bainbridge. Plaintiff identifies both defendants as St. Francois County Sheriff's Department employees, and sues them in their official and individual capacities. She alleges as follows.

"After being informed that the ACLU and an attorney had contacted the St. Francois County Detention Center of the Constitutional rights of transgender persons," Plaintiff "submitted an Inmate Request Form as to the status of ability to purchase and have female

undergarments." (ECF No. 1 at 5).[1]  Plaintiff references her June 10, 2023 Inmate Request Form (also "Form"), and states she plans to file a copy of it as an exhibit.  *Id.* at 5, 21.

On the afternoon of June 21, 2023, Lemons, "who has not been involved in this matter, used her authority and position to retaliate, discriminate, and sexually harass Ms. McSean" when she entered the pod and yelled, "what cell is he in." *Id.* at 5.  Lemons then went to Plaintiff's cell door with six other officers, and began yelling at Plaintiff "in front of other inmates, for exercising her First Amendment right by filing a request form."  *Id.*  Lemons waved her arms, told Plaintiff she was making the canteen officer uncomfortable, yelled and "sexually harassed" Plaintiff in a loud aggressive voice, and said she "was about to lose it."  *Id.*  at 6.

Lemons asked Plaintiff how many times she had been told "no," and Plaintiff replied "several."  *Id.*  Lemons asked "how many times" again in a louder voice, and Plaintiff repeated "several."  *Id.*  In a "demanding voice," Lemons told Plaintiff to stop, and to not ask for the undergarments again.  *Id.*  Bainbridge then twice demanded that Plaintiff tell Lemons "yes ma'am," while keeping his hand on his can of mace.  *Id.* at 6-7.  Plaintiff alleges she feared she would be maced or assaulted.  She states she "did not file a grievance on this issue due to being told not to ask again.  I fear their actions of doing so." *Id.* at 21.

Plaintiff claims the Defendants violated her rights under the First, Fifth, and Fourteenth Amendments.  She can be understood to claim that the Defendants retaliated against her "for exercising her First Amendment right by filing" the Form.  *Id.* at 5.  Plaintiff also states that the Defendants sexually harassed her, sexually assaulted her, verbally abused her, and discriminated against her on the basis of sex.  She identifies her injuries as increased anxiety, emotional and

---

[1]Plaintiff handwrote the Statement of Claim in all uppercase letters.  When quoting the Complaint, the Court will use lowercase letters.

4

mental distress, undue worry and stress, sleep disturbance, and fear of authority figures.  She seeks monetary relief.

## Discussion

The Court will dismiss Plaintiff's official-capacity claims.  An official-capacity claim against an individual is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official capacity suit against sheriff and his deputy "must be treated as a suit against the County").  To prevail on an official capacity claim, a plaintiff must establish the governmental entity's liability for the alleged conduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Plaintiff identifies both defendants as St. Francois County Sheriff's Department employees.  The St. Francois County Sheriff's Department is not an entity that is subject to suit under 42 U.S.C. § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such").  St. Francois County is an entity that can be sued directly under 42 U.S.C. § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Liability may attach if a constitutional violation resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th

Cir. 2018). In this case, the Complaint contains no such assertions. Therefore, the Court will dismiss Plaintiff's official-capacity claims.

The Court now addresses Plaintiff's individual-capacity claims. Plaintiff can be understood to assert a First Amendment retaliation claim against both defendants under 42 U.S.C. § 1983. To establish such a claim, a plaintiff must show (1) she engaged in a protected activity, (2) the government official took adverse action against her that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The "ordinary firmness" test is an objective one. *Garcia v. City of Trenton*, 348 F.3d 726, 728 (8th Cir. 2003). The relevant inquiry is not whether the plaintiff was deterred; although the plaintiff's actions might be evidence of what a reasonable person would have done. *Id*. The inquiry "is usually best left to the judgment of a jury." *Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

In this case, the activity for which Plaintiff claims she suffered retaliation was the filing of the June 10, 2023 Form. Therefore, the Court considers whether that qualifies as activity that is protected under the First Amendment. Prisoners have a First Amendment right to "petition for redress of grievances under a prison's grievance procedure." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010). "The filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007).

Plaintiff identifies the June 10, 2023 filing as an "Inmate Request Form," and she initially states she filed it "as to the status of ability to purchase and have female undergarments." (ECF No. 1 at 5). Considered in isolation, that does not characterize the Form as a petition for redress of a grievance that would be protected by the First Amendment. Based upon Plaintiff's other

statements in the Complaint, however, it is clear that Plaintiff previously requested the undergarments "several" times, and had been told "no." *Id.* at 6. Also, Plaintiff can be understood to explain that she filed the Form after she learned new information that she thought might allow her to challenge those past denials and seek redress. *Id.* at 5. Therefore, liberally construing the Complaint, the Court cannot conclude for purposes of initial review that Plaintiff's filing of the Form did not qualify as protected First Amendment activity.

The right to be free from retaliation for availing oneself of the grievance process is clearly established in the Eighth Circuit. *Santiago*, 707 F.3d at 991. *See also Nelson*, 603 F.3d at 450 (stating "that actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983"). Here, Plaintiff alleges that Lemons and Bainbridge took adverse action to retaliate against her for filing the Form, and to prevent her from trying to obtain the undergarments. Plaintiff's allegations are sufficient to establish, for purposes of initial review, that the adverse action would chill a person of ordinary firmness from continuing in that activity. *See Santiago*, 707 F.3d at 992 (stating that the question of ordinary firmness "is usually best left to the judgment of a jury.").

To the extent Plaintiff can be understood to claim that the defendants violated her federally protected rights by subjecting her to sexual harassment or sexual assault, however, such claims fail. The only encounter Plaintiff identifies is the June 21, 2023 incident. Plaintiff does not allege that either Defendant made any statement or gesture that could be construed as sexual in nature, nor does she allege that either Defendant made physical contact with her. While Plaintiff characterizes the Defendants' actions as sexual harassment or sexual assault, this Court need not accept Plaintiff's speculation as true. *See Twombly*, 550 U.S. at 555 (citation omitted). In addition, the Eighth Circuit has recognized that even verbal sexual harassment without contact

7

or touching does not amount to a constitutional violation. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000) (unpublished table decision); *see also Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").

Plaintiff also states that the Defendants subjected her to sex discrimination. However, there are no allegations as to either Defendant that can be construed as amounting to discrimination on the basis of sex, and the Court is not required to accept Plaintiff's speculation as true. *See Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff also claims that the Defendants verbally abused her. While retaliating against Plaintiff for exercising her First Amendment rights is actionable under § 1983, verbal abuse or verbal harassment alone is not. *See King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997) (fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest"); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983"); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."). A "threat is redressable under § 1983 if it caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). Here, Plaintiff's allegations fail to establish that the Defendants' conduct rose to the level of actionable verbal abuse, and the Court need not accept Plaintiff's speculation as true. *See Twombly*, 550 U.S. at 555 (citation omitted).

In the Complaint, Plaintiff states that this Court has supplemental jurisdiction over her state law claims. However, she does not identify any particular state law claim, and this Court cannot construct a legal theory on her behalf. *See Stone,* 364 F.3d at 914-15.

For the foregoing reasons, the Court will direct the Clerk to issue process upon the Defendants in their individual capacities as to Plaintiff's First Amendment retaliation claims. The Court will dismiss Plaintiff's official capacity claims against the Defendants, and will dismiss the claims of sexual harassment, sexual assault, sex discrimination, and verbal abuse that Plaintiff purports to bring pursuant to 42 U.S.C. § 1983.

Plaintiff has also filed a motion to appoint counsel. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication Plaintiff is incapable of representing herself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Moreover, the defendants have yet to be served with process and discovery has not begun, so there is no conflicting

testimony. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, **by January 8, 2024**, plaintiff must pay an initial filing fee of $7.95. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding. <u>Plaintiff's failure to timely pay the initial partial filing fee as ordered may result in the dismissal of this case without prejudice and without further notice</u>.

**IT IS HEREBY ORDERED** that Plaintiff's official capacity claims against the Defendants, and Plaintiff's claims of sexual harassment, sexual assault, sex discrimination, and verbal abuse brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice. A separate order of partial dismissal will be filed herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint as to Defendants Jessica Lemons and Officer Unknown Bainbridge in their individual capacities. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Service and personally served at the address identified by

Plaintiff, which is the St. Francois County Sheriff's Department, 1550 Doubet Road, Farmington, Missouri 63640.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of December, 2023.