# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-1086-RLW |
| JESSICA LEMONS and UNKNOWN BAINBRIDGE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, Plaintiff will be directed to provide information necessary for service on Defendant Jessica Lemons.

As explained in this Court's prior orders, Plaintiff's Complaint named "Jessica Lemons" as a defendant. Plaintiff identified Lemons as a St. Francois County Sheriff's Department employee who could be served at 1550 Doubet Road, Farmington, Missouri, 63640. Based on the information Plaintiff provided, the Court ordered Lemons served with process. On January 10, 2024, the U.S. Marshal's Service filed a Process Receipt and Return stating that service was attempted at the location Plaintiff identified, but Lemons did not work there.

The Court ordered Plaintiff to provide information necessary to effect service of process upon Lemons. In response, Plaintiff insisted Lemons was a St. Francois County Sheriff's Department employee who could be served at 1550 Doubet Road, Farmington, Missouri, 63640. Based on Plaintiff's averments, the Court directed the Clerk to issue an alias summons for Lemons, for service by the U.S. Marshal's Service at the address Plaintiff provided. Citing Beyer v. Pulaski Cnty. Jail, 589 F. App'x 798, 799 (8th Cir. 2014), the Court ordered the U.S.

Marshal to seek additional information if Lemons could not be found at the address. That language was printed on the alias summons. On March 5, 2024, the United States Marshals Service filed a Process Receipt and Return stating that service was attempted at the location Plaintiff identified, but no one named Jessica Lemons was employed at the address, and Jessica Lemons could not be located.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is Plaintiff's responsibility to provide the information necessary for service on Defendant Jessica Lemons. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993). In consideration of Plaintiff's pro se status, the Court will give Plaintiff twenty-one days from the date of this Order to properly identify, and provide information necessary for service on, Defendant Jessica Lemons. Plaintiff's failure to timely provide such information or show good cause for the failure to do so will result in the dismissal without prejudice of the claims against Jessica Lemons.

Accordingly,

**IT IS HEREBY ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff Kelly McSean shall provide information that is adequate to permit service of process on Defendant Jessica Lemons.

2

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely provide such information or show good cause for the failure to provide such information, the Court will dismiss the claims against Jessica Lemons without prejudice.  <u>See</u> Rule 4(m), Fed. R. Civ. P.

                                                       */s/ Ronnie L. White*
                                                       RONNIE L. WHITE
                                                       UNITED STATES DISTRICT JUDGE

Dated this <u>29th</u> day of March, 2024.