UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1086 RLW |
| ) | |
| JESSICA LEMONS and UNKNOWN ) | |
| BAINBRIDGE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by Plaintiff Kelly McSean, a state prisoner who is proceeding pro se and in forma pauperis. (ECF Nos. 32, 33, and 34). For the following reasons, the motions will be denied.

The first motion is titled "Motion for Counsel in the Following Cases." (ECF No. 32). Plaintiff lists the instant civil case number along with seven other civil case numbers pending in this District, and requests the appointment of counsel for each one. The motion will be denied in part and denied in part without prejudice. To the extent Plaintiff requests the appointment of counsel to represent her in an action other than this one, this Court cannot grant such relief, and denies the request. To the extent Plaintiff seeks the appointment of counsel to represent her in this action, the Court finds Plaintiff is not entitled to relief.

An indigent litigant, like Plaintiff, has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will

benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing herself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel at this time. Discovery has not begun, so there is no conflicting testimony. However, the Court recognizes that circumstances may change and consequently will deny the motion without prejudice. The Court will consider future such motions, if appropriate, as the case progresses.

The second motion is titled "Motion to Combine the Cost of the 20% Payment of all Cases." (ECF No. 33). Plaintiff lists this civil case number along with seven other civil case numbers pending in this District, and complains that her jail account is repeatedly debited each month to satisfy her filing fee obligation in each case. Plaintiff states that this practice leaves her with no money, and she can be understood to ask this Court to order jail officials to stop debiting her account to recoup her multiple filing fee obligations.

There is no basis to grant Plaintiff the relief she seeks. It is not improper for officials to repeatedly debit a prisoner's account to satisfy the prisoner's multiple fee obligations. The United States Supreme Court has held that the in forma pauperis statute calls for simultaneous, not sequential, recoupment of multiple filing fees incurred by an indigent prisoner. *Bruce v. Samuels,* 577 U.S. 82 (2016). In reaching that decision, the Supreme Court recognized that a

prisoner who had filed multiple actions, like Plaintiff here, could exhaust her prisoner account each month. *Id*. at 631. Plaintiff's motion is meritless and will be denied.

The third motion is titled "Motion to Proceed in Forma Pauperis Without Paying Filing Fees." (ECF No. 34). In the motion, Plaintiff states she is a "civil committed patient of the Department of Mental Health" and should therefore be allowed to continue in this action without paying additional installments towards the civil filing fee. *Id.*

The motion is meritless and will be denied. In the Complaint, Plaintiff identified herself as a pretrial detainee who resides at the St. Francois County Detention Center, and she was a "prisoner" as defined in the Prison Litigation Reform Act of 1996 ("PLRA") at the time she filed this action. Since initiating this action, Plaintiff has not filed a notice of change of address, or submitted any other filing that would indicate she is now residing in a Missouri Department of Mental Health facility. In fact, the return address on the envelope in which Plaintiff mailed this motion is the address of the St. Francois County Detention Center. There is no factual basis in the record to conclude that Plaintiff is now a civilly committed patient who is in the custody of the Missouri Department of Mental Health.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Counsel in the Following Cases (ECF No. 32) is **DENIED** as to all listed cases other than the instant case, and **DENIED** without prejudice as to this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Combine the Cost of the 20% Payment of all Cases (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis Without Paying Filing Fees (ECF No. 34) is **DENIED**.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd  day of April, 2024.