# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSICA LEMONS and UNKNOWN ) <br> BAINBRIDGE, ) <br> ) <br> Defendants. ) | No. 4:23-CV-1086 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by Plaintiff Kelly McSean, a prisoner who is proceeding pro se and in forma pauperis. (ECF Nos. 26, 27, and 35). For the following reasons, the motions will be denied, and defendant Jessica Lemons will be dismissed from this action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Court provides the following relevant background information. Plaintiff filed the Complaint in forma pauperis on or about August 28, 2023. She identified herself as a pretrial detainee who resides at the St. Francois County Detention Center ("Detention Center"), 1550 Doubet Road, Farmington, Missouri 63640. Plaintiff named Jessica Lemons as a defendant, and identified her as a St. Francois County Sheriff's Department ("Sheriff's Department") employee. Plaintiff claims that Lemons violated her First Amendment rights in June 2023 when Lemons approached Plaintiff's cell and subjected her to retaliation. Plaintiff stated that Lemons could be served at her workplace, 1550 Doubet Road, Farmington, Missouri, 63640. The Detention Center and the Sheriff's Department share the same 1550 Doubet Road address.

The Court ordered Lemons served with process at the location Plaintiff identified. On January 9, 2024, the U.S. Marshals Service filed an unexecuted Process Receipt and Return, which

stated that service was attempted at that location, but Lemons was not employed there. On January 11, 2024, the Court ordered Plaintiff to provide information necessary to effect service of process upon Lemons. In response, Plaintiff insisted Lemons was a Sheriff's Department employee who could be served at the location previously provided. Based on Plaintiff's averments, the Court directed the Clerk to issue an alias summons for Lemons, for service by the U.S. Marshals Service at the address Plaintiff provided. Citing *Beyer v. Pulaski County Jail*, 589 F. App'x 798, 799 (8th Cir. 2014), the Court directed the U.S. Marshal to seek additional information to locate Lemons, if again told she did not work at the location. That language was printed on the alias summons.

On March 5, 2024, the U.S. Marshals Service filed an unexecuted Process Receipt and Return, stating that Lemons did not work at the location, and also stating that she could not be located. On March 29, 2024, the Court entered an order giving Plaintiff an additional opportunity to provide information necessary for service on Lemons. The Court cautioned Plaintiff that failure to timely provide the information, or to show good cause for the failure to do so, would result in dismissal without prejudice of the claims against Lemons.

In response, Plaintiff filed the instant "Motion for Subpoenas," "Motion for Extension of Time," and "Motion for Subpoena[s] for the Purpose of Address of Defendant." (ECF Nos. 26, 27, and 35). In the Motion for Subpoenas (ECF No. 26), Plaintiff states she "submitted a request on 6-26-2023 to have the audio and video preserved," and "now ask[s] for the proper subpoenas to file with this Court to identify the woman in this video." In the "Motion for Subpoena[s] for the Purpose of Address of Defendant" (ECF No. 35), Plaintiff notes that Defendant Derick Bainbridge has been served with process and knows Lemons, and asks the Court to issue a subpoena to allow Plaintiff to obtain the information from him. In the "Motion for Extension of Time," Plaintiff seeks an unspecified amount of additional time to identify "this woman I know to

2

be Jessica Lemons," and in an apparent reference to the first Motion for Subpoenas, states she has requested subpoenas to compel "jail administration" to assist her in that process. (ECF No. 27). Plaintiff does not indicate the amount of additional time she believes she will need, and instead appears to seek an open-ended extension. The Court will deny all three motions, without prejudice.

Both of Plaintiff's motions seeking the issuance of subpoenas are premature. Discovery has not commenced in this action, and the Court has not entered a Case Management Order to establish discovery deadlines. Plaintiff will have the opportunity to engage in discovery if and when a Case Management Order is entered.

Turning to Plaintiff's Motion for Extension of Time, the Court finds Plaintiff has failed to establish good cause for her failure to provide the proper information for service upon Jessica Lemons. There is no basis to conclude that jail officials have, or are privy to, information about Lemons' whereabouts, or that they have obstructed the two service attempts. To the extent Plaintiff can be understood to state she has perhaps sued the wrong person or sued the right person by the wrong name, the Court notes that Plaintiff will have the opportunity to move to add or substitute a party, or to amend her Complaint, at the appropriate time. The alleged misconduct occurred in 2023 and the applicable statute of limitations is five years, so there is no threat of an impending statute of limitations bar.

Rule 4(m) of the Federal Rules of Civil Procedure requires this Court to dismiss an action without prejudice against a defendant who is not served within 90 days after the Complaint is filed. In this case, the Court has twice attempted service on Jessica Lemons using the information Plaintiff provided, and has directed the U.S. Marshal to seek additional information, all without success. Plaintiff does not now show good cause for the failure to serve Jessica Lemons. The Court therefore concludes that, based on the circumstances of this case, there is no basis to grant

an additional extension of time. The Court will therefore dismiss defendant Jessica Lemons from this action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Subpoenas (ECF No. 26) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Subpoena[s] for the Purpose of Address of Defendant (ECF No. 35) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Jessica Lemons is **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of April, 2024.