## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, )  )  Plaintiff, )  )  v. )  )  JESSICA LEMONS, et al., )  )  Defendants. ) | No. 4:23-CV-1086 RLW |

### MEMORANDUM AND ORDER

This matter is before the Court on review of two motions filed by self-represented Plaintiff Kelly McSean. The first motion is titled "Motion to Enforce the St. Francois County Detention Center/Jail, and Danna Callaway the Chief Financial Officer to Follow 28 U.S.C. § 1915(b)(2)." (ECF No. 51). Plaintiff, who has filed multiple cases in this Court, complains that when she received a $9.00 deposit to her inmate account on May 6, 2024, her institution's Chief Financial Officer "took and placed $1.80 on five (5) cases, that Ms. Kelly McSean currently has filed with the federal courts." *Id.* at 1. Plaintiff claims that those actions "on behalf of Danna Callaway" violated 28 U.S.C. § 1915(b)(2), this Court's December 7, 2023 Memorandum and Order, and Plaintiff's "abilities to pursue her abilities to petition the government for redress of grievances." *Id.* at 2.

Next, Plaintiff states that each time she has a deposit to her account, "it is clear Danna Callaway does not deduct the 20% from the preceding months income," in violation of 28 U.S.C. § 1915(b)(2), this Court's December 7, 2023 Memorandum and Order, and Plaintiff's "abilities to pursue her abilities to petition the government for redress of grievances." *Id.* Plaintiff also generally states she has suffered "difficulties pursuing this case and others in the court system." *Id.* As relief, Plaintiff asks the Court to have her inmate account audited and corrected.

The motion will be denied. Plaintiff does not allege wrongdoing committed by a party to this case. In addition, it was not a violation of federal law or inconsistent with an Order of this Court for someone "on behalf of Danna Callaway" to debit Plaintiff's account multiple times to recoup multiple filing fees. *Id.* at 2. As this Court explained in its April 23, 2024 Memorandum and Order (ECF No. 36), the in forma pauperis statute calls for simultaneous, not sequential, recoupment of multiple filing fees incurred by an indigent prisoner. *Bruce v. Samuels*, 577 U.S. 82 (2016). In that decision, the Supreme Court recognized that a prisoner who had filed multiple actions, like Plaintiff here, could exhaust her prisoner account each month. *Id*. at 631. Plaintiff also states there have been calculation errors that violate federal law and this Court's prior Order. Plaintiff does not identify a specific debit that she believes was calculated incorrectly, and instead appears to invite the Court to review her account statement and identify any calculation errors. This Court will not construct an argument for Plaintiff, however.

Finally, Plaintiff suggests there has been injury to her "abilities to pursue her abilities to petition the government for redress of grievances," and states she has had "difficulties pursuing this case and others in the court system." (ECF No. 51 at 2). Plaintiff does not support those statements by describing an occasion on which she was unable to seek any form of relief from any court. In addition, review of the docket in this case shows that Plaintiff has filed multiple motions to seek various forms of relief and, as noted above, Plaintiff has filed and is currently litigating other cases in this Court. In sum, the motion presents no valid basis for relief, and the Court will therefore deny it.

The second motion is titled "Plaintiff's Motion to Strike Pleading Pursuant to Federal Rule of Civil Procedure 12(f)." (ECF No. 53). Plaintiff writes: "Comes now Plaintiff, Ms. Kelly McSean, pro se pursuant to Federal Rules of Procedure 12(f) and 55(c) request this Court to strike documents (Doc #) Numbers 43, 48, 49 and any other motions filed after May 3, 2024."

2

*Id.* Plaintiff does not describe the documents she seeks to strike or explain why she believes they should be stricken, and the Court will not construct an argument for her. In sum, the motion presents no valid basis for relief, and the Court will deny it without extended discussion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Enforce the St. Francois County Detention Center/Jail, and Danna Callaway the Chief Financial Officer to Follow 28 U.S.C. § 1915(b)(2)" (ECF No. 51) is **DENIED.**

**IT IS FURTHER ORDERED** that "Plaintiff's Motion to Strike Pleading Pursuant to Federal Rule of Civil Procedure 12(f)" (ECF No. 53) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of June, 2024.