UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23 CV 1086 CDP |
| | ) |
| JESSICA LEMMONS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Presently before the Court is pro se plaintiff Kelly McSean's third motion for appointment of counsel in this prisoner civil rights action. Her previous two motions were denied without prejudice on December 7, 2023 (ECF 6) and April 23, 2024 (ECF 36). Since that time, the sole remaining defendant has appeared and answered McSean's complaint, and a Case Management Order was entered. Discovery closes on December 18, 2024, and any motion for summary judgment is due not later than January 27, 2025. Trial has not yet been set.

In her motion, McSean contends that she has no resources to investigate her case given that the department of corrections continually withdraws money from her inmate account.[1] She also argues that she is a committed mental health patient and

---

[1] McSean has several separate causes of action pending in this Court. In Orders entered in this case on April 23 and June 18, 2024 (ECF 36, 55), Judge White explained that the multiple filing fees incurred by McSean are simultaneously recouped from her inmate account, which could result in exhaustion of her account each month.

lacks the appropriate education to litigate this case without counsel. McSean states that the defendant disclosed the identities of several witnesses that need to be deposed, and that she needs counsel to do that for her. Finally, she argues that the defendant has denied her allegations, that video and audio recordings can prove her claim, and that she has been told that the recordings no longer exist.

There is no constitutional or statutory right to appointed counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). In deciding whether to appoint counsel for an indigent plaintiff, I should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present her claims. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

First, to the extent McSean asserts that she is a committed mental health patient, I note as Judge White did earlier (*see* ECF 36) that McSean identifies herself as a pretrial detainee at St. Francois County Detention Center, that she has not filed a change of address, and that she continues to use the St. Francois County address on materials filed with the Court. Moreover, Orders sent to that address have not been returned as undeliverable. I therefore do not consider her unsupported assertion that she is a committed mental health patient as a factor in my analysis.

As to McSean's ability to represent herself in this case, she has shown that she can adequately present her claim to the Court. Her filings with the Court are thorough, organized, and responsive to requests made of her. The factual and legal

issues in this case are not complex. McSean claims that defendant Derick Bainbridge retaliated against her for exercising her First Amendment right to pursue the grievance process. Her complaint refers to a history of denied inmate requests and that, in response to another request, Bainbridge acted with another officer to intimidate and threaten her to not seek redress again. Although McSean claims that she needs to obtain discovery to pursue her claim, there is no indication that she cannot avail herself of the process available to her under the Federal Rules of Civil Procedure to obtain such discovery. Whether conflicting evidence or testimony exists in this case will become apparent upon consideration of materials submitted on a motion for summary judgment, if one is filed.

After reviewing the above factors, I conclude that the appointment of counsel is not warranted at this time. I will therefore deny McSean's motion for the appointment of counsel, but without prejudice to future requests as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kelly McSean's Motion for Appointment of Counsel [64] is **DENIED without prejudice.**

                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2024.