UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY MCSEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23 CV 1086 CDP |
| | ) | |
| DERICK BAINBRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is one of several pending lawsuits filed by self-represented litigant Kelly McSean in which she challenges various conditions of confinement under 42 U.S.C. § 1983.   In this particular action, McSean asserts that defendant Derick Bainbridge, an officer of the St. Francois Sheriff's Office, retaliated against her for exercising her First Amendment right to pursue the grievance process while she was detained at the St. Francois County Jail.[1]   Discovery recently closed in this case on January 17, 2025, and dispositive motions are due to be filed on February 26.   McSean has now filed several motions seeking to extend those deadlines, to compel Bainbridge to respond to discovery requests, and to permit her to take

---

[1] The other named defendant, Jessica Lemons, was dismissed from this action for McSean's failure to serve process on her.   As Bainbridge is the only remaining defendant to the case, I will direct the Clerk of Court to update the caption of the docket sheet to "Kelly McSean v. Derick Bainbridge."

depositions.   She also seeks the appointment of counsel.   This Order rules all of McSean's pending motions.

    1. <u>Motion for Extension of Time</u> (ECF 76)

McSean asks that the deadlines to complete discovery and by which to file motions for summary judgment be extended by 30 to 60 days.   I will grant this motion and extend the deadlines by 60 days.

    2. <u>Motion to Compel</u> (ECF 80)

McSean asks that I compel Bainbridge to produce documents as requested in her Request for Production of Documents, which is attached to her motion.   There is no indication, however, that McSean ever served defense counsel with her Request for Production.   As it appears that service of the Request first occurred with the electronic filing of this motion on January 24, defendant has 30 days from that date within which to respond.   I will therefore deny McSean's motion to compel, but without prejudice to refiling after defendant responds to her Request (if McSean considers the response insufficient), and after she has conferred with defense counsel on the Request as required by Local Rule 3.04(A).

    3. <u>Motion for Extension of all CMO Deadlines</u> (ECF 77)

In this motion, McSean seeks an extension of "all dates in [the] case management order" because of the management and status of her inmate account at St. Francois County Jail.   To the extent McSean requests an extension of the

deadlines to complete discovery and file motions for summary judgment, I will

deny the motion as moot as I have granted those extensions on McSean's other

motion for extension of time (ECF 76).   I will deny McSean's motion to the extent

she seeks an extension of the deadlines by which to make Rule 26(a)(1) disclosures

and to move to join parties or amend pleadings, as those dates have long passed

(July 18 and August 19, 2024, respectively), and no exceptional circumstance

appears of record to extend those deadlines.

      4.  <u>Motion for Requested Depositions</u> (ECF 79)

McSean asks that I permit her to take the oral depositions of four

individuals, including defendant Bainbridge, and that I appoint a person authorized

to administer oaths as well as a stenographer to create a record of the depositions.

"This Court prefers that pro se prisoner Plaintiffs utilize interrogatories and

discovery requests, rather than depositions, in obtaining discovery from other

parties." *Price v. Larkins*, No. 4:10-cv-1738 AGF, 2011 WL 2416383, at *1 (E.D.

Mo. June 13, 2013), *quoted approvingly in Rodgers v. Thompson*, No. 1:23-cv-

00077-SNLJ, 2024 WL 2321100, at *1 (E.D. Mo. May 22, 2024).   As there is no

indication that McSean has attempted to obtain discovery by way of written

interrogatories or requests for production (other than her Request for Production

attached to her motion to compel), I will deny her motion to take depositions.

Moreover, as explained by the Court in *Rodgers*, "[t]he Federal Rules of Civil

Procedure require that a party seeking to conduct a deposition bear the costs of recording such deposition. . . . [A] 'plaintiff is required to pay for the costs of a court reporter or witness fees [in the context of a deposition], even though he is proceeding in forma pauperis.'" *Rodgers*, 2024 WL 2321100, at *1 (citing Fed. R. Civ. P. 30(b)(3)) (quoting *Wagner v. Gober*, No. 4:15-cv-1789-CAS, 2017 U.S. Dist. LEXIS 1353, at *3 (E.D. Mo. Jan. 5, 2017)).

     5.  <u>Motion for Appointment of Counsel</u> (ECF 78)

     As stated in my September 2024 Order denying McSean's third motion for counsel (*see* ECF 65), the factual and legal issues in this case are not complex as the case involves one claim that defendant Bainbridge retaliated against McSean by appearing to threaten her for exercising her right to pursue the grievance process at St. Francois County Jail.   From my review of this case and the several other self-initiated lawsuits McSean is pursuing in this court, McSean has shown that she is knowledgeable of and able to engage in the processes necessary to prosecute her claims.   Given the single, straightforward claim raised in this case and McSean's ability to adequately present and prosecute the claim, the appointment of counsel is not warranted at this time.

     Accordingly,

     **IT IS HEREBY ORDERED** that plaintiff Kelly McSean's Motion for Extension of Time [76] is **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline by which to complete all discovery in this case is extended to **March 31, 2025**.

**IT IS FURTHER ORDERED** that the deadline by which to file any motion for summary judgment is extended to **April 28, 2025**.   Opposition briefs must be filed no later than **May 28, 2025**, or within thirty (30) days after the motion is filed, whichever is sooner; and any reply brief may be filed no later than **June 11, 2025**, or within fourteen (14) days after the opposition is filed, whichever is sooner.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of all CMO Deadlines [77] is **DENIED as moot** to the extent plaintiff seeks an extension of the deadlines to complete discovery and to file motions for summary judgment. The motion is **DENIED** to the extent plaintiff seeks to extend any other deadline set out in the Case Management Order.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel [80] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Requested Depositions [79] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel [78] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the

caption of this case on the docket sheet to read as follows: "Kelly McSean, Plaintiff v. Derick Bainbridge, Defendant." The parties shall use this updated caption on all future filings.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 28th day of January, 2025.